UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUSTER PERNELL BURNS, Jr.,

        Petitioner,

v.                            CASE NO. 4:23-CV-13223
                              HONORABLE F. KAY BEHM
                              UNITED STATES DISTRICT COURT JUDGE

JEFF TANNER,

        Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL  (ECF No. 15)

Luster Pernell Burns, Jr., ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 15, 2024, this Court denied the petition for writ of habeas corpus, declined to issue a certificate of appealability, but granted leave to appeal *in forma pauperis*.  *Burns v. Tanner*, No. 4:23-CV-13223, 2024 WL 4806808 (E.D. Mich. Nov. 15, 2024).

On January 28, 2025, Petitioner signed and dated his motion for an extension of time to file his notice of appeal.  (ECF No. 15).[1]  On the same day, Petitioner signed and dated his notice of appeal.  (ECF No. 18).

---

[1] Under the "prison mailbox" rule, this Court considers Petitioner's motion to be filed on January 28, 2025, the date it was signed and dated by petitioner.  *See U.S. ex rel Morgan v. Page*, 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

1

Petitioner seeks an extension of time to file his notice of appeal pursuant to Fed. R. App. P. 4 (a)(5).  Petitioner claims that he originally sent a notice of appeal to this Court on November 25, 2024, well within the thirty day time period for filing the notice, but he alleges that he contacted the Clerk's Office on January 13, 2025 by telephone and was informed that the Clerk's Office never received the notice.  (ECF No. 15, PageID.3676-77).  Petitioner in his motion claims he has attached a copy of his original notice of appeal as Attachment A but a review of the notice of appeal shows that it is dated January 28, 2025.  (ECF No. 15, PageID.3771).  Significantly, Petitioner has provided this Court with no other evidence that he had mailed a notice of appeal to this Court on November 15, 2024, in the form of a copy of the earlier notice of appeal, any prison mail disbursement form indicating that this earlier notice of appeal had been placed in the prison mailing system, or any other documentation.  Nor has Petitioner provided the name of the person he spoke to at the Clerk's Office or any proof he made the telephone call.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional.  *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to

2

timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

Fed. R. App. P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

Petitioner is not entitled to an extension of time to file an appeal based upon Fed. R. App. P. 4 (a)(5)(A), because he moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal had expired on December 15, 2024. *See Beard v. Carrollton R.R.,* 893 F. 2d 117, 120 (6th Cir. 1989); *See also Hayes v. Allstate Ins. Co., Inc.*, 2 F. App'x 470, 472 (6th Cir. 2001). Moreover, because Petitioner's motion for an extension of time to file an appeal was not filed within 30 days, as required by 4(a)(5), this Court lacks the authority to consider Petitioner's allegations of excusable neglect or good cause. *See Pryor v. Marshall*, 711 F. 2d 63, 64-65 (6th Cir. 1983).

Setting aside jurisdictional issues, Petitioner is not entitled to an extension of time to file a notice of appeal because his allegations that he previously filed a notice of appeal with this Court on November 25, 2024 are conclusory and unsupported.

A *pro se* prisoner's complaint or pleading is considered filed when it is delivered to prison officials for mailing to the court. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir.2002) (per curiam) (*extending Houston v. Lack*, 487 U.S. 266 (1988)). "Cases expand the understanding of this handing-over rule with an assumption that, *absent contrary evidence*, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (emphasis added).

A district court, in an appropriate case, may refuse to consider a prisoner's affidavit that a legal filing was timely deposited in the prison mail system prior to the filing deadline due to a lengthy and unwarranted delay in the submission of the affidavit, or if it elects to consider affidavit, a court may decide that the affidavit deserves less weight than other evidence in record. *See Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001).

In *Stewart v. Robinson*, 65 F. App'x 536, 538 (6th Cir. 2003), the Sixth Circuit held that a habeas petitioner's bare assertion that he actually mailed his habeas petition to the federal district court prior to the one-year limitations deadline was not enough to show that he had timely filed a petition. The Sixth Circuit noted that the alleged copy of the petition did not bear any objective indicia of mailing, and petitioner did not claim to be in possession of a receipt for the petition from the district court. The Sixth Circuit also rejected the claim that

4

petitioner was entitled to equitable tolling, because "The absence of any supporting evidence of Stewart's alleged 1998 filing and his unexplained failure to inquire into the status of the case until well over two and one-half years after the claimed mailing date of September 1998 supports the district court's actions in this regard." *Id.*

In *Leavy v. Hutchison,* 952 F.3d 830, 832 (6th Cir. 2020), the Sixth Circuit held that a habeas petitioner was not entitled to invoke the prisoner mailbox rule with respect to the filing of his notice of appeal. The Sixth Circuit concluded that the petitioner's declaration that he handed the notice of appeal to prison officials before the filing deadline was not sufficient to establish his compliance with prison mailbox rule, where no record of such filing appears on the district court's docket, the petitioner did not mention the notice of appeal in a subsequent application for certificate of appealability, and the prisoner did not claim that he paid for postage.

In the present case, Petitioner has provided this Court absolutely no evidence that he previously sent a notice of appeal to this Court within the time period for doing so. There is no docket entry for this earlier notice of appeal on the court's website. Petitioner has provided no documentation that he mailed an earlier notice of appeal to this Court. As such, he is not entitled to an extension of time to file the notice of appeal.

Based on the foregoing, the motion for an extension of time to file a notice of appeal (ECF No. 15) is **DENIED**.

SO ORDERED.

Date: February 7, 2025

<u>s/F. Kay Behm</u><br>
F. Kay Behm<br>
United States District Judge